CONFLICT OF INTEREST — SCHOOL BOARD Under the provisions of 21 O.S. 481 [21-481] to 21 O.S. 487 [21-487] and 70 O.S. 6-122 [70-6-122] (1974), an individual is not prohibited from being elected to and serving as a member of a school board where said member's half-sister's husband is already employed as a teacher; nor is the school board prohibited from continuing to pay the salary of said teacher after his wife's half-brother is elected to the school board. A teacher who has been employed for three years or more can continue to be employed and have his contract renewed while his wife's half brother is a member of said board. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Do 21 O.S. 481 [21-481] (1971), et seq. and 70 O.S. 6-122 [70-6-122] (1974) disqualify an individual from being elected to and serving as a member of a school board where his half-sister's husband has been employed as a teacher in said school system for twenty years? 2. If the answer to the first question is in the negative, does service on the school board by said individual make it unlawful for the board to continue salary payments to his half-sister's husband as a teacher employed by the board? 3. Can the contract of said teacher be renewed by the school board while his wife's half-brother is a member of said board? Title 21 O.S. 481 [21-481] (1971) (nepotism) provides: "It shall be unlawful for any executive, legislative, ministerial or judicial officer to appoint or vote for the appointment of any person related to him by affinity or consanguinity within the third degree, to any clerkship, office, position, employment or duty in any department of the State, district, county, city or municipal government of which such executive, legislative, ministerial or judicial officer is a member, when the salary, wages, pay or compensation of such appointee is to be paid out of the public funds or fees of such office. Provided, however, that for the purposes of this chapter, a divorce of husband and wife shall terminate all relationship by affinity that existed by reason of the marriage, regardless of whether the marriage has resulted in issue who are still living." Title 70 O.S. 6-122 [70-6-122] (1974) provides in pertinent part: "The failure by the board of education to renew the contract of any teacher who has completed three (3) years shall not be effective, and the contract shall be renewed unless the board causes to be served on the teacher a written statement of the causes for such action, which must include one of the following: immorality, wilful neglect of duty, cruelty, incompetency, teaching disloyalty to the American Constitutional system of government, or any reason involving moral turpitude. . . ." Numerous Attorney General Opinions have been issued over the years pertaining to your first two questions and they have been consistent in their holdings. These opinions espouse the intent of 21 O.S. 481 [21-481] (1971) et seq. as stated in Reddell v. State, 14 Okl. Cr. 199,170 P. 273 (1918), wherein the Court said: ". . . The question naturally arises: What was the intent and purpose of the foregoing statutes? It is within the knowledge of the members of this Court that, prior to the adoption of anti nepotism statutes in this country, a practice had arisen wherein it was the custom of elected officials to appoint their relatives to subordinate positions and employments in their department of state and municipal government. It was this practice that led undoubtedly to the adoption of such statutes, and this is the practice we think it was clearly intended to abolish. . . ." In following this intent the opinions have correctly held that an individual can be elected and serve as a member of a school board where he has a relative within the third degree of consanguinity or affinity already employed as a teacher within the school district. Said election and service do not violate either the provisions of the nepotism statutes or the intent contained therein. See Attorney General Opinions dated August 20, 1959, to Oliver Hodge, State Superintendent of Public Instruction and April 19, 1947, to Vernon S. Collins, County Attorney. The school board member you inquire about is related within the third degree of affinity to the employed teacher. See Attorney General Opinion dated April 14, 1932, to Paul W. Cress, County Attorney. Since the teacher was already employed prior to the election of the board member, there is no prohibition against the board member being elected and serving in said position. In regard to your second question 21 O.S. 482 [21-482] (1971) provides: "It shall be unlawful for any such executive, legislative, ministerial or judicial officer mentioned in the preceding section, to draw or authorize the drawing of any warrant or authority for the payment out of any public fund, of the salary, wages, pay or compensation of any such ineligible person, and it shall be unlawful for any executive, legislative, ministerial or judicial officer to pay out of any public funds in his custody or under his control the salary, wages, pay or compensation of any such ineligible person." In interpreting this section the Court in Reddell, supra, stated: "When the term `such ineligible person' was incorporated in Section 2236 (21 O.S. 482 [21-482] (1971)), the Legislature, as we view the statute, necessarily referred back to that person unlawfully `appointed' under the provisions of Section 2235 (21 O.S. 481 [21-481] (1971))." (Current citation added). The opinions issued interpreting this section have correctly followed Reddell in holding that the prohibition applies to such ineligible person appointed under the provisions of Section 481. Since there is not an illegal appointment under Section 21 O.S. 481 [21-481] in the facts you present, your second question is answered in the negative. As to your third question, a number of Attorney General Opinions have been issued holding that where an individual having a relative within the third degree of consanguinity or affinity employed by a school board is elected and serves on said school board, he would be prohibited under Section 481, supra, from voting for the annual renewal of said relative's contract, his vote constituting an illegal appointment. The opinions have further held that said renewal would be illegal even if said board member voted against the contract renewal or abstained from voting. The question you ask has not been ruled on before and relates to whether or not 70 O.S. 6-122 [70-6-122] (1974), in effect, negates the application of the nepotism statutes to school teachers who have qualified for "tenure" under said section for reason that there would be no annual hiring as prohibited by the nepotism statutes. Under Section 70 O.S. 6-122 [70-6-122] a teacher, upon completion of three years employment, has his contract of employment automatically renewed unless the school board decides not to renew the contract for one of the enumerated statutory causes. The effect of said statute is to provide teachers with security in their employment and allow termination in the employment only for just cause. The intent of the nepotism statutes is to prohibit the appointment by public officials of relatives to subordinate positions in their department for reasons of blood or marriage, rather than because of ability or merit. It is apparent that the Legislature removed the ability of a school board to renew teacher contracts on the basis of blood or marriage by providing for automatic renewal. As stated by the Attorney General in Opinion No. 73-136, reaffirming the exemption of the Merit System of Personnel Administration from portions of the nepotism statutes: "It is important to note that the reasons set out by the Legislature for dismissal of a Merit System employee contemplate an affirmative action by the employee to effect his dismissal. However, 21 O.S. 484 [21-484] (1971) of the nepotism law, contemplates dismissal as the result of circumstances beyond the control of the employee, e.g., attaining of office by a relative within the third degree of consanguinity (blood) or affinity (marriage)." In limiting a school board's independent exercise of discretion in the renewal of a teacher's contract, the Legislature has provided a means of safeguarding against the evils of nepotism. In so doing it was obviously the legislative intent to exempt said teachers from the application of the nepotism statutes. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. Under the provisions of 21 O.S. 481 [21-481] to 21 O.S. 487 [21-487] and 70 O.S. 6-122 [70-6-122] (1974), an individual is not prohibited from being elected to and serving as a member of a school board where said member's half-sister's husband is already employed as a teacher; nor is the school board prohibited from continuing to pay the salary of said teacher after his wife's half-brother is elected to the school board. A teacher who has been employed for three years or more can continue to be employed and have his contract renewed while his wife's half-brother is a member of said board. (Mike D. Martin) ** OVERRULED BY OPINION NO. 79-028 (1979) **